Sewer Commission pursuant to P.L. 1909, ch. 501 § 2–3 that established a Sewer Commission for the town. In 1994 the Town of Warren adopted a Home Rule Charter which purported to abolish the statutory Warren Sewer Commission and transferred the supervision of the sewer system to the Town Manager, a post which was established under the new Charter. The trial justice held that the Charter could not supersede a statute enacted by the General Assembly.

After the Superior Court judgment, the General Assembly ratified the Charter by enactment of P.L. 1995, ch. 392 § 1, in the following terms:

"In all respects in which the Home Rule Charter of the town of Warren * * * may require ratification, confirmation, validation or enactment by the general assembly, but in no other respects, the provisions of said Home Rule Charter of the town of Warren are hereby ratified, conformed, validated and enacted."

We are of the opinion that this act of ratification may significantly affect the validity of the 1909 statute. However, the statute of ratification was not presented to the trial justice since it was enacted after his decision was rendered. We think it is inappropriate to review his ruling based upon a statute which may be well a controlling modification in the law, and which he did not have the opportunity to consider.

Consequently, we vacate the judgment of the Superior Court and remand this case to that court for reconsideration of its holding in the light of the act of ratification.

BOURCIER, J., did not participate.

**In re LEE G.**

**No. 95–427–M.P.**

Supreme Court of Rhode Island.

April 4, 1997.

Ellen Balasco, Anthony E. Angeli, Jr., Providence, Regina M. Gibb, Wakefield.

Catherine Gibran, Paula Rosin, Providence, John W. Grisham, Middletown.

## ORDER

The motion of John W. Grisham for appointment as appellate counsel for respondent Kim G., *nunc pro tunc*, is granted. The motion for counsel fee is granted, and John W. Grisham is awarded a fee of $1,770.00, plus costs in the amount of $51.36, for his services performed on the respondent's behalf before this court.

Henceforth, attorneys who are not appointed by this court in the ordinary course following docketing of an appeal, and prior to their performance of appellate services will not be appointed as appellate counsel *nunc pro tunc* and therefore will not be compensated for any services performed in advance of their appointment by this court.